53658. POWELL v. JACKSON.

ARGUED APRIL 6, 1977 — DECIDED APRIL 18, 1977.

*Mullis, Reynolds, Marshall & Horne, Lorraine Lynn Andrews,* for appellant.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr., John C. Edwards,* for appellee.

DEEN, Presiding Judge.

The appellee's defense to the action was that the collision was the result of a sudden slowing by the appellant of his vehicle. The appellant urges that there was insufficient evidence of this to warrant the jury's verdict in favor of the appellee.

The appellee testified as to the appellant's decrease in speed: ". . . I wouldn't say there was an abrupt slowing up, but it was slowing up to a degree where I couldn't stop." The appellant's attorney elicited the following response on direct examination of the investigating officer: "And Oscar Robert Jackson — he stated to me that the Powell vehicle slowed up suddenly, which caused him to strike the rear of that vehicle." The appellant urges that even though unobjected to this was a self-serving declaration by the appellee and as hearsay had no probative value. Indeed, as a general rule self-serving declarations are hearsay and have no probative value; the statement here however was part of the res gestae and would have been admissible into evidence even as against a hearsay objection. *Land v. McClure,* 135 Ga. App. 243, 244 (217 SE2d 600).

The investigating officer further testified that he was the distance of "one traffic lane and the median" away from the scene of this accident when it occurred, that traffic was "real heavy" on that part of the highway, that he heard the tires squealing and saw the collision, and that the appellee's tires left skid marks of approximately 30 feet. The officer was then asked: "Was it your impression from when you heard the tires and looked up and everything that probably [the appellant] had had to bring his car to a stop rather quickly because of the traffic backup?" The answer was yes. Then he was asked: "And that's consistent with what [the appellee] told you, too, isn't it?" Again the answer was yes. The appellant urges this testimony was, even though unobjected to, speculative and conjectural or based on hearsay and without probative value. The evidence of the officer was proper and admissible. *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459).

The Supreme Court of this state has only recently held that in cases of rear-end collision "the liability, degree of

liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause" and that these issues are, except in rare cases, to be resolved by the jury. *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25). There being evidence before the jury to support their verdict, the motion for new trial was properly overruled. See *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755).

*Judgment affirmed. Webb and Marshall, JJ., concur.*