70927. WALKER v. THE STATE.
(338 SE2d 36)

Bᴇɴʜᴀᴍ, Judge.

Appellant was convicted of felony shoplifting (OCGA § 16-8-14 (b) (1) (C)) and brings this appeal, contending that testimony concerning a prior shoplifting incident was improperly admitted. We disagree and affirm the conviction.

A K-Mart department store security officer testified that while occupying an observation booth in the store, he recognized appellant as she entered the store. He watched her go to a clothing rack in the men's department, take several pairs of jeans, remove the tags from them, fold them, and place them inside her gray warm-up pants. He followed her as she exited the store and observed her as she tossed the purloined jeans into the back seat of an automobile. Appellant was arrested, and two pairs of jeans with intact plastic "swift tacks" were recovered from the car's back seat. The same witness testified that while employed as a security officer for a Zayre department store,

he had seen appellant gather clothes from a rack, fold them, and place them under her maternity dress, in her panty hose. She then left the store and made her way to a parked car, where the officer arrested her.

Before evidence of an independent crime is admissible, it must be shown that the defendant was the perpetrator of the independent crime and that there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to establish the latter. *Thomas v. State*, 166 Ga. App. 650 (1) (305 SE2d 182) (1983). The testimony concerning the Zayre incident was admissible to show appellant's motive and course of conduct.

Appellant also complains that limiting instructions to the jury with regard to the similar offense were requested but not given. Immediately prior to the admission of the testimony in question, the assistant district attorney informed the court and the jury that the testimony was offered to show a course of conduct. The trial court then told the jury that it was to consider the testimony for that limited purpose. There was a sufficient limiting instruction given to the jury.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 7, 1985.

*James W. Smith*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.