A89A0088. DAVIS v. THE STATE.
(383 SE2d 615)

BENHAM, Judge.

Appellant was convicted of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)) and theft by shoplifting (OCGA § 16-8-14).

1. The State has filed a motion to dismiss the appeal on the ground that appellant did not timely file his notice of appeal. OCGA § 5-6-38 (a). Appellant was granted an out-of-time appeal in an order *signed* by the trial court on March 18, 1988, and *filed* in the office of the clerk of the superior court on September 1, 1988. Appellant filed his notice of appeal on September 2, 1988.

A notice of appeal filed within 30 days of the filing of the order allowing an out-of-time appeal is timely. *Thompson v. State*, 258 Ga. 816, fn. 1 (375 SE2d 219) (1989). The State's motion to dismiss is denied.

2. Appellant questions the sufficiency of the evidence. The victim of the aggravated assault, a grocery store security guard, identified appellant as the man he saw aid a woman in taking 14 cartons of cigarettes and concealing them in a purse and in a net sewn to the underside of the woman's dress. The guard also saw appellant take a pack of cigarettes from a display rack, open the pack, remove one cigarette and light it, and place the rest of the pack in his pocket. Appellant and his companion/co-defendant then bypassed the cash registers and were headed for the exit when the security guard and assistant store manager confronted them. The security guard scuffled with appellant and chased him into the parking lot, where appellant stabbed the security guard in the chest and upper legs. The assistant store manager and a store customer identified appellant as the man who scuffled with the store security guard, and although neither saw appellant stab the guard, both witnesses stated that the security guard was bleeding after his encounter with appellant. The security

guard noted the tag number of the car in which appellant drove off. The car with that tag number was found to have been recently purchased by appellant and, when found, contained a carton of cigarettes bearing the grocery store's stamp. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault and shoplifting. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-14 (a); *Walker v. State*, 176 Ga. App. 783 (338 SE2d 36) (1985); OCGA § 16-5-21 (a) (2); *Harris v. State*, 257 Ga. 385 (1) (359 SE2d 675) (1987).

3. Appellant contends the trial court committed reversible error when it allowed an eleven-member jury to deliberate on appellant's case without having determined whether appellant personally, knowingly, voluntarily, and intelligently agreed to waive his right to be tried by a jury of twelve. 1983 Ga. Const., Art. I, Sec. I, Par. XI.

After the jury had deliberated for 25-30 minutes, the trial court received a note that one juror believed he could not be fair and impartial due to a previous experience. Trial counsel conferred with appellant, made a motion for mistrial which was denied, and then elected to proceed with eleven jurors.

"[W]hile it may be a better practice, it is not necessary for an accused to personally waive his right to a jury of twelve and agree to be tried by a jury of less than twelve. Counsel for the accused may validly waive this right for him if (1) the waiver is made, without objection, in the accused's presence or (2) the accused otherwise acquiesces in the waiver." *Hudson v. State*, 250 Ga. 479 (3a) (299 SE2d 531) (1983). Appellant's counsel having waived appellant's right to be tried by a jury of twelve in appellant's presence without objection from appellant, the trial court committed no error in accepting the waiver as that of appellant. *Hudson v. State*, supra; *Weeks v. State*, 187 Ga. App. 307 (2) (370 SE2d 344) (1988).

4. Appellant also contends the trial court erred in denying his motion for mistrial made after the trial court disqualified the juror. "There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. [Cit.]" *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). The prosecution effectively carried its burden when the juror stated that his inability to be impartial stemmed from his belief that he had been wrongfully convicted of armed robbery a quarter-century ago and had been incarcerated as a result. He told the trial court and the attorneys that he had made known his prejudice to his fellow jurors. The prejudice exhibited by the juror was in appellant's favor. Compare *Lamons v. State*, supra; *Castro v. State*, 186 Ga. App. 248 (2) (367 SE2d 42) (1988); *Moore v. State*, 184 Ga. App. 524 (1) (362 SE2d 76) (1987). The trial court did not err in denying appellant's

motion.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

A. *Nevell Owens*, for appellant.

*Lewis. R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Charles T. Shean III, Assistant District Attorneys,* for appellee.