## A93A2274. MOORE v. THE STATE.
### (442 SE2d 311)

COOPER, Judge.

Appellant was convicted of rape, kidnapping and three counts of aggravated sodomy. He appeals from the entry of judgment of conviction and sentence.

1. Count 5 of the indictment charged that appellant committed the offense of aggravated sodomy (OCGA § 16-6-2) by unlawfully performing "a sexual act involving his anus and the mouth of [the victim]." Appellant enumerates as error the trial court's charge to the jury on Count 5 of the indictment and the entry of judgment on the conviction and sentence on said count. Appellant contends that the act described in Count 5 of the indictment does not meet the statutory definition of sodomy. There was no objection to the indictment or conviction at trial, and appellant also contends that trial counsel's failure to make the appropriate objections as to Count 5 constituted ineffective assistance of counsel.

Sodomy requires contact between "the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2. On appeal, the State concedes that Count 5 as drawn in the indictment does not constitute the crime of aggravated sodomy and cannot stand. Therefore, appellant's conviction on this count must be reversed and the sentence vacated. Inasmuch as we have determined that a reversal of Count 5 is necessary, appellant's claim of ineffective assistance of counsel for failure to object to Count 5 is moot.

2. Appellant also enumerates as error the inclusion of the language "reasonable and moral certainty" in the court's charge on reasonable doubt, relying on *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992). However, appellant's reliance on *Vance* is misplaced. While the court criticized the use of the phrase "moral and reasonable certainty," finding it unnecessary, the court stressed that the charge does not create reversible error. Id. at 238, fn. 5. Like the charge in *Vance*, the charge given in the instant case substantially mirrors the Suggested Pattern Jury Instructions (July 1991) and "as a whole repeatedly and accurately conveyed to the jury the concept of reasonable doubt. . . . [T]he use of the words 'moral and reasonable certainty' created no reversible error when 'considered in the context of the charge as a whole.' [Cit.]" Id. at 237-238. Thus, appellant's contention is without merit.

*Judgment affirmed in part, reversed in part. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1994.

*Stephen H. Harris*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *John T. Garcia*, Assistant District Attorney, for appellee.