A94A0663. JOHNSON v. THE STATE.
(447 SE2d 74)

McMurray, Presiding Judge.

Indicted as a recidivist, defendant was charged with one count of selling cocaine, in violation of OCGA § 16-13-30, and with a second count alleging that he sold cocaine within 1,000 feet of a public housing project, in violation of OCGA § 16-13-32.5. Defendant was tried before a jury and found guilty of each charge. This appeal followed the denial of defendant's amended motion for new trial. *Held*:

1. In his first enumeration, defendant contends that the trial court erred in denying his motion for new trial, arguing that he received ineffective assistance of counsel because his trial counsel stipulated to proceed with 11 jurors without defendant's knowledge and consent.

" ' "When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; (and) whether the omissions charged to trial counsel resulted

from inadequate preparation rather than from unwise choices of trial tactics and strategy." (Cit.)' *Hawes v. State*, 240 Ga. 327, 329-330 (1) (240 SE2d 833) (1977). Generally, 'the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below "an objective standard of reasonableness" *and* (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (Cit.)' (Emphasis in original.) *Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986)." *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649).

At the evidentiary hearing on defendant's motion for new trial in the case sub judice, defendant's trial counsel testified that he agreed to proceed with 11 jurors if one became sick. This stipulation was made in the presence of his client in open court, and in response to a direct inquiry by the presiding judge as to the need for an alternate juror. Counsel admitted that he "did not talk to [defendant] at all about the prospects of whether or not we needed an alternate," and thought that it was "within [counsel's] authority . . . to waive that . . . right to an alternate." Only after the verdict and sentencing did defendant voice any complaint to trial counsel about not being involved in the decision to go with 11 jurors. The transcript of the trial corroborates this chronology. After the jury had been struck, the court asked: "Will y'all agree to go with 11 if one of them gets sick?" Defense counsel responded: "Yeah, that'll be fine." The next morning, before any evidence had been presented, the trial court excused the twelfth juror due to illness. The court "checked with the court reporter, and we agreed to go with 11 if one of them's sick. I have satisfied myself, from talking with her, that she is sick, so we'll proceed with 11." Without objection from any side, the case proceeded to trial.

" ' "[I]n order for the waiver by counsel to be binding on the defendant, it must be made in his presence or by his express authority, or be *subsequently acquiesced* in by him." ' (Emphasis in original.) *State v. Phillips*, 247 Ga. 246, 248 (275 SE2d 323) (1981)." *Hudson v. State*, 250 Ga. 479, 482 (3a), 483 (299 SE2d 531). The record in the case sub judice shows that defense counsel's waiver of defendant's right to be tried by a jury of 12 was made in the defendant's presence, but not by the defendant's express authority. While trial counsel conceded that he had failed to consult defendant before stipulating in advance to a waiver of the twelfth juror in open court, the record similarly shows that defendant made no objection "to the reduction in size of the jury at any point during trial." *Hudson v. State*, 250 Ga.

479, 484 (3a), supra. Defendant's failure to object at any point before the jury returned its verdict amounts to a waiver by acquiescence. *Weeks v. State*, 187 Ga. App. 307, 308 (2), 310 (370 SE2d 344), affirmed in 258 Ga. 662 (374 SE2d 532); *Hudson v. State*, 250 Ga. 479, 483-484 (3a), supra. " '(W)hile it may be a better practice, it is not necessary for an accused to personally waive his right to a jury of twelve and agree to be tried by a jury of less than twelve. Counsel for the accused may validly waive this right for him. . . .' " *Davis v. State*, 192 Ga. App. 47, 48 (3) (383 SE2d 615). Trial counsel in the case sub judice validly waived defendant's right to trial by a jury of 12. For purposes of determining whether defendant's right to effective assistance of counsel has been adequately protected or impermissibly infringed by that waiver, trial counsel's decision whether to insist on a jury of 12 or to accept the remaining jurors and proceed is properly analyzed as trial tactics and strategy.

" 'The decisions on which witnesses to call, whether and how to conduct cross[-]examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.' *Reid v. State*, 235 Ga. 378, 379 (219 SE2d.740, 742) (1975), quoting ABA Standards, relating to the Adm. of Crim. Justice (1974), the Defense Function, § 5.2 (b)." *Hawes v. State*, 240 Ga. 327, 328 (1), 330, supra. In the case sub judice, the decision of trial counsel to proceed with the remaining 11 jurors who had undergone voir dire but who had not heard opening statements or any witnesses simply "is not any evidence that trial counsel's conduct fell below that standard of reasonably effective assistance which members of the bar in good standing are presumed to render, as that right to effective assistance is protected by both the Georgia and [U. S. C]onstitutions. *Hill v. Balkcom*, 213 Ga. 58 (1) (96 SE2d 589) (1957)." *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245). Consequently, the trial court did not err in denying defendant's motion for new trial predicated upon this instance of allegedly ineffective assistance of counsel.

2. In his second enumeration, defendant contends that trial counsel was ineffective because he did not move for a directed verdict of acquittal as to Count 2, which alleged that defendant sold cocaine "within 1000 feet of real property of a publicly owned and operated housing authority, to wit: THE ROME HOUSING AUTHORITY, located at MAPLE STREET." He argues that his motion should have been granted since the State did not prove with sufficient clarity that the sale took place within 1,000 feet of a publicly owned housing authority.

OCGA § 16-13-32.5 (b) makes it "unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or marijuana or a counterfeit substance in, on,

or within 1,000 feet of any real property of any publicly owned or publicly operated housing project. . . . For the purposes of this Code section, the term 'housing project' means any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 13 of Title 8." OCGA § 16-13-32.5 (e) provides: "In a prosecution under this Code section, a map produced or reproduced by any municipal or county agency or department for the purpose of depicting the location and boundaries of the area on or within 1,000 feet of the real property of any publicly owned or publicly operated housing project . . . , or a true copy of the map, shall, if certified as a true copy by the custodian of the record, be admissible and shall constitute prima-facie evidence of the location and boundaries of the area, if the governing body of the municipality or county has approved the map as an official record of the location and boundaries of the area." This Code section further provides that it "shall not preclude the prosecution from introducing or relying upon any other evidence or testimony to establish any element of this offense." OCGA § 16-13-32.5 (e).

At the hearing on defendant's motion, trial counsel defended his decision not to make the motion for directed verdict "just as a personal decision I made based on what [sic] the evidence I heard." In support of the allegations in the indictment, the State adduced at trial the testimony of the undercover officer, Special Agent Ector of the Georgia Bureau of Investigation. Special Agent Ector identified defendant as one of two men who arranged to meet him in a park and as the one who completed a single sale by handing to Ector two large chunks of crack cocaine, in exchange for $200. Special Agent Ector testified that, at the suggestion of Johnny Garrett, the defendant's co-indictee, the sale took place in the Maple Street Park in the east side of Rome, Georgia. On direct examination, the State posed to Special Agent Ector the question whether "[t]his park, is it located anywhere near a public housing authority, what some people may call a project area?" Special Agent Ector replied, "Yes." He further testified: "I don't know the — the exact name of the projects. They're red brick, and they're right behind — they're located right behind the park." When asked how he could tell that it was a public housing authority, Special Agent Ector testified that "[w]e was — at the time, we didn't — we just knew that it was a — it was city — it was public — it was city owned," and affirmed that there were numerous "red brick buildings located around a common, grassy area." Special Agent Ector estimated that the sale took place "I would say approximately about — anywhere from six to 800 feet away" from those numerous "red brick buildings."

" 'Since ordinary hearsay testimony is not only inadmissible but

wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cits.]" *Duke v. State*, 205 Ga. 106, 110 (52 SE2d 455). The prosecution in the case sub judice did not employ the statutorily authorized method to establish prima facie the location and boundaries of any housing projects owned or operated by the Rome Housing Authority, relying instead upon the testimony of Special Agent Ector that "we just knew that it was a — it was city — it was public — it was city owned." Moreover, Special Agent Ector's additional testimony that the sale took place near "numerous red brick buildings located around a common, grassy area" is not any evidence that this sale took place within a proscribed distance of "single or multifamily dwelling units occupied by low and moderate-income families."

There was no probative evidence that this sale of crack cocaine took place within 1,000 feet of the real property owned and operated by the Rome Housing Authority, as alleged in the indictment. Accordingly, defendant's separate judgment of conviction and sentence for violating OCGA § 16-13-32.5 (b), based upon the single act of selling two chunks of crack cocaine to Special Agent Ector, is not supported by sufficient competent evidence and must be reversed. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). It follows from the reversal of the separate conviction for Count 2 that defendant's claim of ineffective assistance for counsel's failure to move for a directed verdict as to that count is rendered moot. *Moore v. State*, 212 Ga. App. 497 (1) (442 SE2d 311).

3. Defendant's conviction and sentence for the sale of crack cocaine in violation of OCGA § 16-13-30 is amply supported by competent evidence and is affirmed. *Farley v. State*, 210 Ga. App. 580 (436 SE2d 770). The separate judgment of conviction and sentence for selling crack cocaine in violation of OCGA § 16-13-32.5 (b) is reversed on the general grounds.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., Beasley, P. J., Johnson, Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Pope, C. J., and Andrews, J., dissent.*

POPE, Chief Judge, dissenting.

I respectfully dissent from Division 2 of the majority opinion. Agent Ector testified that defendant sold him cocaine in the Maple Street Park in Rome, Georgia; that a housing authority or project is located directly behind the park; and that he calculated the housing project as being within 600 to 800 feet of the area of the park where the sale occurred. He further testified that he was certain the housing project was within 1,000 feet of where the sale occurred. The agent's testimony based on his own observations as to the existence and loca-

tion of the housing project and its distance from the park was proper and admissible. See *Powell v. Jackson*, 142 Ga. App. 34, 35 (234 SE2d 837) (1977); *Massee v. State Farm Mut. Auto. Ins. Co.*, 128 Ga. App. 439, 441 (1) (197 SE2d 459) (1973). I find this evidence was sufficient to allow rational jurors to determine beyond a reasonable doubt that defendant sold cocaine within 1,000 feet of the real property of the Maple Street housing project as alleged in the indictment. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). I also disagree with the majority's implication that the evidence was insufficient to support the verdict because the prosecution did not employ the statutorily authorized method of establishing the location of the housing project. While OCGA § 16-13-32.5 (e) provides that a certified map shall constitute prima facie evidence of the location and boundaries of a housing project, that section also provides that it "shall not preclude the prosecution from introducing or relying upon any other evidence or testimony to establish *any* element of this offense." (Emphasis supplied.) Because I find the agent's testimony was sufficient to allow rational jurors to find defendant guilty of selling cocaine within 1,000 feet of a housing project, I also find defendant's claim of ineffective assistance of counsel based on counsel's failure to move for a directed verdict of acquittal as to that count to be without merit.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED JUNE 29, 1994 —
RECONSIDERATION DENIED JULY 18, 1994 ■

*William F. Sparks*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.