## A97A0383. MENEFEE v. THE STATE.
(487 SE2d 489)

BEASLEY, Judge.

Menefee appeals his conviction of trafficking in cocaine (OCGA § 16-13-31 (a) (1)), dispensing and possessing with intent to dis-

tribute a controlled substance within 1,000 feet of a recreation center (OCGA § 16-13-32.5 (a)), possessing with intent to distribute a controlled substance within 1,000 feet of a housing project (OCGA § 16-13-32.5 (b)), and failing to obey a stop sign (OCGA § 40-6-20 (a)).

1. The first enumeration is that the court erred in denying a motion for mistrial based on Menefee's character being improperly placed in issue when a State's "witness inferred it wasn't unusual to find [defendant] with a razor blade with cocaine on it." An officer testified as to arresting defendant following a traffic stop. The arresting officer testified that immediately after the arrest, he took a razor blade, which appeared to have cocaine residue on it, from defendant's pocket. The State asked: "Now, would it have been unusual to find a razor blade in his pocket?" The officer responded: "No, not in this particular incident."

Defense counsel objected and moved for mistrial. The court sustained the objection based on the form of the question, and defendant declined curative instructions. The court denied the motion for mistrial and instructed the jury that the objection to the question was sustained.

OCGA § 24-9-20 (b) prohibits the introduction of evidence of general bad character or prior convictions, that is, evidence concerning the past conduct of the defendant. Menefee's character was not placed in issue by the officer's answer. The officer's response was explicitly directed only to the conduct involved in the incident which formed the basis of the charges.

2. Menefee also challenges the sufficiency of the evidence concerning the offenses of dispensing and possessing with intent to distribute a controlled substance within 1,000 feet of a recreation center and possessing with intent to distribute a controlled substance within 1,000 feet of a housing project.

He asserts that he was entitled to a directed verdict of acquittal under OCGA § 17-9-1 because of the absence of "certified copies of appropriate documents." He does not elaborate but points instead to the argument at trial on his motion. There he claimed in part that the State had to prove by documents or by testimony from the governing authority that the recreation center was located on real property which had been "dedicated and set apart by the governing authority . . . for use as a . . . recreation center" (the words of the statute). As to the housing project, he claimed in part that the State had to show that it was publicly owned or operated and that it was a statute-designated type of facility under the jurisdiction of a housing authority "pursuant to Chapter 3 of Title 8" of the Code. Subsection (e) of OCGA § 16-13-32.5 does not specify that these particular facts be incorporated on the statutory map, although that would be the most direct and comprehensive method of proving them. The absence

of these facts on the city-certified map and the absence on the map of identification of the target properties render the map itself deficient to constitute the statutory "prima facie evidence of the location and boundaries of the area" on or within 1,000 feet of Code-designated property. The Code subsection expressly allows evidence other than a map which meets the statutory requirements. The question is whether the requisite facts can be proved by the testimony of police officers familiar with the area and expressly assigned to patrol public housing areas.

The map, which was admitted without objection, served as part of the evidence which established that Menefee possessed the cocaine in the prohibited areas. The officer knew the area well, as he was there "daily" as a member of a five-person unit created in 1993 through the local police department and the Marietta Housing Authority, with a federal grant from the Department of Housing & Urban Development. The unit's duty was to patrol all high crime areas in the city as well as all public housing areas, particularly with respect to drug and gang-related activity. The officer patrolled this area regularly and described what it contained. He was familiar, as required by his official duties, with the housing authority properties and a place called the canteen, which he and another officer identified as the city-owned Elizabeth Porter Recreation Center. He pointed out on the map the location of the housing authority property, commonly known as Baptist Town, and the recreation center, and gave the address. The other officer identified the housing project as a City of Marietta Housing Authority housing project. This fits the definitions of OCGA § 8-3-3 (2) and (10) (A) (iii).

A yellow circle on the map, which the first officer testified was drawn by the city mapping department, showed an area of 1,000 feet radius from the place where the cocaine was found which encompassed both properties. The jury could measure this itself because the map's distance reduction of $1'' = 100'$ was shown on it.

The officers testified that Menefee possessed the cocaine and then discarded it well within the 1,000 feet. The other officer in the unit who was on the scene also testified about the location of the housing project and recreation center. He pointed to the recreation center as being 400'-450' from where the drugs thrown by defendant were retrieved and about 200' from the Lyman Homes Housing Project. The officer testified that even without the map he could gauge the distance "very, very easy [sic]."

This evidence is sufficient to prove the element at issue. It transcends the vague and inexact evidence presented by the State in *Johnson v. State*, 214 Ga. App. 77, 81 (2) (447 SE2d 74) (1994). There the agent could only say " 'we just knew that it was a — it was city — it was public — it was city owned' " and that right behind the park

where the sale took place were "numerous 'red brick buildings located around a common, grassy area.' " Id.

Menefee's conviction is affirmed because, as in *Washington v. State*, 216 Ga. App. 352, 353 (2) (454 SE2d 214) (1995), there is evidence that at the relevant time defendant was within 1,000 feet of a public housing project and a public recreation center. There was no contradictory evidence.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., and Eldridge, J., concur. McMurray, P. J., Smith and Ruffin, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

While I agree with Division 1 of the majority opinion, and with the affirmance of defendant's conviction of trafficking in cocaine and of failing to obey a stop sign, I cannot join the majority in Division 2 or in the affirmance of defendant's convictions for dispensing and possessing with intent to distribute a controlled substance within 1,000 feet of a recreation center and possessing with intent to distribute a controlled substance within 1,000 feet of a housing project. Therefore, I respectfully dissent.

The evidence is clear that defendant possessed cocaine and then discarded it within 1,000 feet of places identified by law enforcement officers as a public housing project and as a recreation center. However, the testimony of the officers concerning the identity of that real property does not provide probative evidence but was necessarily hearsay evidence lacking any probative value. *Johnson v. State*, 214 Ga. App. 77, 79 (2), 80-81 (447 SE2d 74). While the law enforcement officers in the case sub judice may have provided more specific information concerning their impressions as to the identity of the real property, this does not alter the basic character of the officers' testimony. Hearsay does not cease to be such simply because there is more of it. There is no basis in law or fact for the majority's conclusion that *Johnson* may be distinguished.

Nor was the identity of the real property established by any other source. As conceded by the majority, the map introduced into evidence did not provide evidence of the location or boundaries of the Code-designated properties and thus was deficient to provide prima facie evidence on this issue as allowed under OCGA § 16-13-32.5 (e). And finally, OCGA § 24-3-13 does not apply in this case since there was no evidence of the boundaries of the designated properties by proof of ancient tradition and reputation in the community. See *McAfee v. Newberry*, 144 Ga. 473, 474 (87 SE 392).

The State failed to provide any proof that the real property identified by the law enforcement officers is of the type designated in OCGA § 16-13-32.5 (a) and (b). Therefore, I would hold that the trial court erred in denying defendant's motion for a directed verdict as to

the offense of dispensing and possessing with intent to distribute a controlled substance within 1,000 feet of a recreation center and possessing with intent to distribute a controlled substance within 1,000 feet of a housing project.

I am authorized to state that Judge Smith and Judge Ruffin join in this dissent.

DECIDED JUNE 6, 1997.

Before Judge Kreeger.

*Patrick G. Longhi*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Ann B. Harris, Assistant District Attorneys*, for appellee.