## A98A2401. CARTER v. THE STATE.
(510 SE2d 539)

BLACKBURN, Judge.

Troy Lee Carter appeals his conviction of rape contending (1) that the evidence was insufficient to support his conviction and (2) that the trial court erred in admitting his verbal statement. We affirm.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Carter] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Punctuation omitted.) *Redd v. State*, 232 Ga. App. 666 (1) (502 SE2d 467) (1998).

So viewing the evidence, it reveals that the victim was talking to the defendant's father on the porch of defendant's father's house when she went inside to get something to drink. Inside the house, the defendant asked the victim if she "wanted to do it," and she responded that she did not because she was a married woman. The

defendant then grabbed the victim's arm and forced her into his bedroom where he made her lie down on the bed. He put his elbow across her throat while he raped her. The defendant told the victim, "don't tell anybody. This is called rape." After his arrest, the defendant wrote a statement denying that the victim entered his house. However, he later made an oral statement to the police that he had sex with the victim but it was not rape.

Under the standard set forth in *Jackson v. Virginia*, supra, we conclude that a rational trier of fact could have found Carter guilty beyond a reasonable doubt of rape.

2. Carter contends that the trial court erred in admitting the oral statement he made to police in which he admitted having sex with the victim. Carter argues that he was not given his *Miranda* warnings and that his statement was involuntary. However, our review of the transcript reveals that Carter failed to preserve this issue for appeal because he failed to object when two different State witnesses testified as to the contents of his statement. See *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991). "Moreover, [after the admission of such testimony], the court conducted a *Jackson-Denno* hearing, which produced evidence which authorized the finding that, considering the nine factors enumerated in *Marshall v. State*, 248 Ga. 227 (3) (282 SE2d 301) (1981), the statements were made knowingly, intelligently, and voluntarily." (Punctuation omitted.) *Stowers v. State*, 205 Ga. App. 518, 520 (422 SE2d 870) (1992).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1998.

*Juwayn N. Haddad*, for appellant.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.