### A01A0171. HAYWOOD v. THE STATE.
(546 SE2d 325)

BLACKBURN, Chief Judge.

Adrian Haywood appeals his convictions of possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within 1,000 feet of a housing project. Haywood contends that the evidence was insufficient to support his conviction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Haywood] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State.*[1] See *Jackson v. Virginia.*[2]

In the present case, the evidence reveals that Agent Mark Esquivel, Agent Spencer Hawkins and Commander Joey Autrey, members of the Southwest Georgia Drug Task Force, were patrolling Butler Street in Camilla looking for Haywood in response to information received. Upon their approach to Haywood, he began to run, and Agents Esquivel and Hawkins exited the vehicle to chase him. Agent Hawkins yelled, "Stop, police!" Haywood did not stop, and Agent Hawkins continued to chase him in the southbound lane of Butler Street. During the chase, Agent Hawkins saw Haywood reach into his pocket, pull out a small bag containing a white solid material, put the bag in his mouth and tear it open. Haywood threw three pieces of white substance to the ground. Agent Hawkins yelled to the other agents that Haywood had thrown something to the ground. Agent

[1] *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Hawkins apprehended Haywood over 476 feet from where the chase began. Agent Hawkins found $260 in Haywood's pocket.

Commander Autrey testified that Haywood was standing in front of an apartment in Walker Homes when he was first seen. Walker Homes is a publicly operated low to moderate income housing project run by the Camilla Housing Authority. As Agents Hawkins and Esquivel began chasing Haywood, Commander Autrey put the car in reverse and followed. Commander Autrey backed his car into a driveway in front of Haywood, and Haywood pushed off the car and ran around the trunk. Commander Autrey recovered three pieces of crack cocaine and a torn plastic bag from the street. The cocaine had been flattened by passing vehicles, but was still shiny and bright white with no dirt on it. Commander Autrey further testified, as an expert in the field of drug law enforcement, that Haywood was charged with possession with intent to distribute because of his location, the amount of cash he was carrying in his pocket and its denomination and the amount of and the specific packaging of the cocaine. Haywood was charged with intent to distribute within 1,000 feet of a housing project because he was first seen on housing authority property and he did not run over 1,000 feet from such project before he was apprehended.

Although Haywood testified that he did not throw cocaine during the chase and that the officers saw the cap to his asthma inhaler fall to the ground, Commander Autrey testified that he did not find anything on the street except the cocaine. It is well settled that " 'it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited.' " *Eason v. State*.[3]

1. Although mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute,

> "[w]e have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use."

*Tate v. State*.[4]

---

[3] *Eason v. State*, 215 Ga. App. 614, 617 (8) (451 SE2d 820) (1994).

[4] *Tate v. State*, 230 Ga. App. 186, 187 (1) (b) (495 SE2d 658) (1998).

Here, the State offered evidence that the amount of money found on his person, the specific denominations of currency and the amount and specific packaging of the cocaine was all consistent with the intention to distribute cocaine. Based upon the evidence presented at trial, the jury was authorized to find that Haywood committed possession of cocaine with intent to distribute beyond a reasonable doubt.

2. Haywood contends that insufficient evidence was presented that the housing project where he was caught was a housing project as defined by OCGA § 16-13-32.5 (b). Such Code section provides:

> It shall be unlawful for any person to . . . possess with intent to distribute a controlled substance . . . in, on, or within 1,000 feet of any real property of any publicly owned or publicly operated housing project. . . . For the purposes of this Code section, the term "housing project" means any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 3 of Title 8.

Commander Autrey and Agent Hawkins testified that Haywood was apprehended within 1,000 feet of the housing project. Commander Autrey specifically testified that Walker Homes was a publicly operated low to moderate income housing project run by the Camilla Housing Authority. This testimony was sufficient to support Haywood's conviction. See *Menefee v. State*[5] (officer's testimony that defendant's actions took place within 1,000 feet of city-owned housing project sufficient).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Ernie M. Sheffield*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[5] *Menefee v. State*, 226 Ga. App. 725, 726-728 (2) (487 SE2d 489) (1997).