A05A0062. STOKES v. THE STATE.

(613 SE2d 225)

JOHNSON, Presiding Judge.

The issue in this case is whether the trial court erred in denying a mistrial after the defendant's character was put in issue. We find that the court did not err in giving a curative instruction instead of ordering a mistrial.

Tommy Stokes was indicted for armed robbery, aggravated assault and aggravated battery. He pled not guilty to the charges and

was tried before a jury. At trial, the state presented testimony from the victim and five other witnesses; Stokes did not testify or present other defense evidence.

The state's evidence showed that the victim has known Stokes for 25 years. Shortly after midnight on January 5, 2003, Stokes arrived at the victim's apartment and told the victim that the Lord had led him there. The victim let Stokes come into the apartment, where the two men ate pie, talked about their friend Barbara Ann and then went to sleep on separate couches.

About 8:30 that same morning, the men awoke and ate more pie. Stokes subsequently picked up the knife that had been used to cut the pie, pointed it at the victim and demanded the victim's money. When the victim resisted, Stokes took the money — approximately $370 — from the victim's pocket and stabbed the victim under the ear and chin and across his fingers. The victim grabbed Stokes' throat, the two men fell to the floor, and Stokes then stabbed the victim in the neck. Stokes got up, cut the telephone cord, threatened to kill the victim if he called the police and then left with the victim's money. Once Stokes was out of sight, the victim went to a neighbor's house and called the police.

The jury found Stokes guilty of all charges. The trial court sentenced Stokes as a recidivist, imposing a life sentence for the armed robbery and a concurrent 20-year sentence for the aggravated battery. The court did not impose a sentence for the aggravated assault, ruling that it merged with the aggravated battery.

Stokes appeals, arguing that the trial court erred in denying his motion for a mistrial after a police officer's testimony improperly placed his character in issue. The officer, who was the first one to arrive at the scene of the crime, testified that he found the victim soaked in blood and that the victim identified Stokes as the person who had attacked him. When the prosecuting attorney asked the officer if the victim had indicated how he knew Stokes, the officer testified that the victim had indicated that Stokes "had just got out of jail maybe and needed a place to stay."

Stokes' attorney objected to the testimony and moved for a mistrial. The court did not grant a mistrial, but did give the jury a curative instruction. The court told the jurors that he was striking that part of the officer's testimony and that they should disregard the stricken testimony and not let it enter into their deliberations. Stokes' attorney subsequently renewed his motion for a mistrial.

> A trial court has wide discretion in deciding whether to grant a mistrial, and that discretion should not be disturbed unless a mistrial is essential to the preservation of the right to a fair trial. On appeal, this Court looks at the relevant

circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.[1]

In the instant case, given the length of time the victim has known Stokes, his unequivocal identification of Stokes as the perpetrator, and the curative instruction of the court, we find it highly unlikely that the stricken testimony affected the jury's verdict.[2] Because a mistrial was not essential to the preservation of Stokes' right to a fair trial, the court did not abuse its discretion in denying his motion for a mistrial.[3]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 12, 2005.

*Maria Murcier-Ashley*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[1] (Citations and punctuation omitted.) *Baker v. State*, 259 Ga. App. 433, 434-435 (2) (577 SE2d 282) (2003).
[2] Id. at 435 (2).
[3] See *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992).