## A08A1421. HAMILTON v. THE STATE.
(666 SE2d 630)

PHIPPS, Judge.

Richard Hamilton appeals his convictions of possession of cocaine with the intent to distribute and possession of cocaine with the intent to distribute within 1,000 feet of a housing project. Hamilton contends that there was insufficient evidence for the jury to find him guilty. Hamilton also contends that the trial court erred in denying his motion for directed verdict on the ground that others had equal access to the cocaine. Finally, Hamilton contends that the trial court erred in denying his motion for mistrial. Finding no error, we affirm.

1. Hamilton argues that there was insufficient evidence to support his convictions.

In reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence showed that on November 14, 2003, police officers Heath Mitchell and Kevin Cloninger were in an unmarked car conducting surveillance of an area encompassing governmental housing projects. They observed a broken windshield on a vehicle owned by Hamilton in which Hamilton and three other people were riding. Mitchell and Cloninger contacted an officer in a marked patrol car, who stopped Hamilton's vehicle.

Mitchell asked Hamilton, who was seated in the passenger seat, to step out of the car, and Hamilton complied. Meanwhile, Cloninger spoke with the two back seat passengers, Isaac and Rickie Watters. At Mitchell's request, they also stepped out of the vehicle, and Mitchell noticed on the back seat floorboard a clear plastic bag containing nine smaller bags of what was later determined to be cocaine. Mitchell directed Cloninger's attention to the bag, and Cloninger retrieved it. Everyone in the car, including the driver, Myrtle Maxwell, was then arrested and searched by Cloninger. The search revealed that Hamilton was in possession of $494, and Isaac and Rickie Watters were in possession of $240 and $445, respectively.

---

[1] *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

At the jail, Maxwell claimed that the drugs found within the vehicle belonged to her.

Hamilton and the other occupants of the vehicle were charged and tried together as parties to the crimes of possession of cocaine with the intent to distribute and possession of cocaine with the intent to distribute within 1,000 feet of a housing project. Cloninger, who had 11 years of experience and training as a narcotics officer, testified that the number of bags of cocaine found in the vehicle was inconsistent with personal consumption. He further testified that in addition to the packaging of the drugs, the lack of "smoking" devices in the car and the cash found on three of the four defendants was consistent, based on his experience and training, with narcotics distribution.

Maxwell testified that Isaac Watters asked her to claim that the drugs belonged to her. She testified that Hamilton's vehicle had been used by Isaac Watters and one of his friends earlier in the day and that she and Hamilton later regained possession of the vehicle but with Isaac and Rickie Watters also present in the vehicle. Maxwell further testified that when they noticed police lights behind them, Isaac and Rickie Watters attempted to discard drugs that Isaac Watters had in his clothes. The drugs fell on the vehicle's floor and neither Isaac nor Rickie Watters attempted to retrieve them. The trial court instructed the jury that evidence that others had equal access to the vehicle or contraband could be sufficient to overcome the presumption that the driver or owner of the vehicle was in possession of any contraband found therein.

(a) Under OCGA § 16-13-30 (b), it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance. The owner of an automobile is presumed to be in possession and control of any contraband found in the automobile, but this presumption is rebuttable by evidence of equal access to the contraband by others.[2] The equal access rule provides that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.[3]

Whether evidence of equal access is sufficient to rebut the inference of possession is usually a question for the jury.[4] But where

---

[2] Id.

[3] Id. at 34.

[4] See id.

the sole evidence of possession arises from the inference that the owner of the vehicle possesses contents of the vehicle, evidence of equal access will dissolve the inference.[5] Because Hamilton had a large sum of cash on his person, his ownership of the vehicle was not the only evidence of his possession of cocaine with the intent to distribute.[6] Therefore, the defense of equal access was one for the jury, and the jury was not compelled to find the presumption of possession rebutted.[7]

Possession with the intent to distribute may be shown by evidence that the amount of drugs found was inconsistent with personal use,[8] that the drugs found were individually packaged for distribution,[9] and that the defendant was in possession of a large amount of money.[10] The evidence showed testimony from Cloninger that the amount of cocaine found was inconsistent with personal use, that the cocaine found in the vehicle was individually packaged, and that $494 was found on Hamilton's person. This evidence authorized a finding that Hamilton was in possession of cocaine with the intent to distribute.

(b) Under OCGA § 16-13-32.5 (b), it is unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute cocaine within 1,000 feet of any real property of any publicly owned or publicly operated housing project, unless the manufacture, distribution, or dispensing is otherwise allowed by law. Evidence sufficient to show possession with the intent to distribute within 1,000 feet of a housing project includes testimony of police officers familiar with the area and expressly assigned to patrol public housing areas[11] and testimony that the defendant's actions took place within 1,000 feet of a housing project.[12]

The evidence showed that the arresting officers, who were conducting surveillance of an area of housing projects, testified that Hamilton's vehicle was stopped within 1,000 feet of a housing project. This evidence and the evidence that Hamilton was in possession of cocaine with the intent to distribute authorized a

---

[5] See *Gentry v. State*, 281 Ga. App. 315, 321 (2) (b) (635 SE2d 782) (2006).

[6] See *State v. Johnson*, 280 Ga. 511, 514 (630 SE2d 377) (2006) (defendant's ownership of vehicle was not sole evidence of possession of contraband for purposes of the equal access defense where defendant "had a large sum of cash on his person, consistent with a person being a dealer of [contraband]") (citation and footnote omitted).

[7] See id. at 514, n. 4.

[8] *Best v. State*, 279 Ga. App. 309-310 (1) (630 SE2d 900) (2006).

[9] Id. at 310.

[10] *Harper v. State*, 285 Ga. App. 261, 265-266 (1) (b) (645 SE2d 741) (2007).

[11] *Menefee v. State*, 226 Ga. App. 725, 727 (2) (487 SE2d 489) (1997).

[12] *Haywood v. State*, 248 Ga. App. 210, 212 (2) (546 SE2d 325) (2001).

finding that Hamilton possessed cocaine with the intent to distribute it within 1,000 feet of a housing project.

2. Hamilton contends that the trial court erred in denying his motion for directed verdict on the ground of equal access. The state argues that this claim of error was waived because Hamilton did not properly raise equal access as the ground for his motion for directed verdict.[13] The state also argues that, even if the equal access defense had been properly raised, it would have been inapplicable because Hamilton and the other occupants of the vehicle were charged as being in joint constructive possession of the drugs found in the vehicle.[14] We need not decide, however, whether the equal access defense was properly raised to the trial court or whether the equal access defense would have been inapplicable under the circumstances of this case. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense,[15] and we held the evidence sufficient in Division 1, supra.

3. Hamilton contends that the trial court erred in denying his motion for mistrial. We review a denial of a motion for mistrial under an abuse of discretion standard.[16]

At trial, Hamilton objected to the following questions asked by counsel for Rickie Watters during the cross-examination of Mitchell:

> Q. Now, when y'all started out that day and you ran into the red/burgundy Cadillac, y'all had reason to follow that car, didn't you?
> A. We saw it had a shattered windshield.
> Q. Okay. But you had already had some information about that car. The CI's had told y'all something about that car.
> A. They haven't personally told me.
> Q. But they'd told Officer Cloninger?

Hamilton argued that the court had ruled inadmissible evidence of

---

[13] See *Godfrey v. State*, 227 Ga. App. 576, 577 (2) (489 SE2d 364) (1997) ("[w]here an entirely different objection or basis for appeal is argued in the brief which was not presented at trial[, the appellate court] will not consider that basis as [the appellate court is] limited to those grounds presented to and ruled upon by the trial court") (citation and punctuation omitted).

[14] See *Fain v. State*, 211 Ga. App. 399, 401 (1) (439 SE2d 64) (1993) (the equal access rule does not eliminate the presumption of possession where all persons allegedly having equal access to the contraband are charged with being in joint constructive possession of the contraband).

[15] *Carter v. State*, 235 Ga. App. 260 (1) (510 SE2d 539) (1998).

[16] *Davis v. State*, 263 Ga. App. 230, 233 (2) (587 SE2d 398) (2003).

the officers' knowledge of Hamilton and the other defendants through information obtained from a confidential informant or "CI." Hamilton then moved for a mistrial.

Although the court agreed it had previously instructed counsel not to discuss any information law enforcement may have had about the defendants, the court denied the motion and instead offered to give a curative instruction to the jury to disregard the last two questions asked by Rickie Watters's counsel. Hamilton responded that "if that's the ruling I would just renew my objection, and I'd ask the court to instruct the jury they are not to consider the last two comments made by [Rickie Watters's counsel]." The court then instructed the jury to disregard the last two questions. It does not appear, however, that Hamilton renewed his motion for mistrial after the court gave the curative instruction as required to preserve the error for appeal.[17]

Even if Hamilton had properly renewed his motion, the trial court did not abuse its discretion in denying the motion for mistrial. On appeal, we look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.[18]

Here, the complained-of questions were somewhat vague, and there was a curative instruction given to the jury by the court to disregard the statements made by Rickie Watters's counsel. Under these circumstances, the trial court did not abuse its discretion in denying Hamilton's motion for mistrial.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 14, 2008.

*Daniel D. Morgan*, for appellant.

*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.

---

[17] *Hodges v. State*, 249 Ga. App. 268, 271 (3) (547 SE2d 386) (2001) (after a motion for mistrial is denied and a curative instruction is given to the jury, the moving party must object or renew the motion for mistrial to preserve the error for appeal).

[18] *Stokes v. State*, 272 Ga. App. 721, 722-723 (613 SE2d 225) (2005).