### A09A2150. HENRY v. THE STATE.
#### (688 SE2d 412)

BERNES, Judge.

The jury convicted Brian Henry of selling cocaine within 1,000 feet of a public housing project, OCGA § 16-13-32.5 (b). On appeal from the judgment of conviction, Henry does not contest that there was sufficient evidence that he sold the cocaine. Rather, his sole contention is that there was insufficient evidence that the sale occurred within 1,000 feet of a public housing project. We disagree and affirm.

> On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this [C]ourt determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Price v. State*, 281 Ga. App. 844 (1) (637 SE2d 468) (2006). So viewed, the evidence adduced at trial showed that on the evening of August 4, 2007, two undercover agents with the State Drug Task Force were driving in an unmarked vehicle

---

equipped with audio and video surveillance equipment. As they were driving down Troupe Street in Decatur County, they observed Henry walking down the street with another unidentified male. The agent who was driving the vehicle asked the two males if they had "$60 hard," which was street vernacular for $60 worth of crack cocaine. Henry answered in the affirmative, but he told the agents to drive around the block and then come back to his location to complete the purchase.

After the agents drove around the block, Henry told them to park and indicated that the agent who was driving the vehicle should get out and follow him. The agent, who was wearing an audio recording device, exited the vehicle and walked with Henry to the rear of an apartment building located at 1113 Troupe Street. The apartment building was one of several on Troupe Street owned by the Bainbridge Housing Authority for the purpose of providing public housing to low and moderate-income families.

While behind the apartment building, Henry sold a substance that appeared to be crack cocaine to the agent in return for $60. The agent asked Henry where he could be found if the agent wanted to purchase more crack cocaine, and Henry said that he "would be in the streets" and went by the name "B."

Following the sale, the agent returned to the unmarked vehicle where the other agent remained seated in the passenger seat. They drove to a predetermined location and secured the cocaine in a sealed evidence bag. The sealed bag was transported to the state crime lab where the substance inside the bag tested positive as cocaine.

Henry was arrested, indicted, and tried for selling cocaine within 1,000 feet of a public housing project. The undercover agents testified to the drug transaction and identified Henry as the seller, and a security officer with the Bainbridge Housing Authority testified about the location of the public housing project. The state also introduced the video and audio recordings. Because the video surveillance equipment had been mounted in the vehicle, the video did not capture the transaction between the time when the agent exited the vehicle and when he returned. The audio surveillance device that had been worn by the agent driver, however, continued recording during that time. Henry did not testify or call any witnesses on his behalf. Following the close of evidence, the jury convicted Henry of the charged offense.[1] This appeal followed.

It is unlawful under OCGA § 16-13-32.5 (b) for any person to

---

[1] Henry also was indicted, tried, and convicted of the separate offense of selling cocaine, OCGA § 16-13-30 (b), for the same drug transaction. The two convictions did not merge. See OCGA § 16-13-32.5 (d); *Harper v. State*, 213 Ga. App. 611, 612 (2) (445 SE2d 300) (1994). Henry does not challenge his conviction for selling cocaine under OCGA § 16-13-30 (b).

sell a controlled substance "in, on, or within 1,000 feet of any real property of any publicly owned or publicly operated housing project." The statute defines "housing project" as "any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 3 of Title 8." Id. Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the standard of review is whether the evidence, when construed in the light most favorable to the verdict, authorized a rational trier of fact to have found the essential elements of the charged offense beyond a reasonable doubt. See *Essuon v. State*, 286 Ga. App. 869, 871 (1) (650 SE2d 409) (2007).

Henry maintains that the standard under *Jackson* was not met because there was insufficient evidence that the sale of the cocaine to the undercover agent occurred within 1,000 feet of a public housing project. We disagree. The undercover agent who exited the vehicle testified that he walked with Henry around the corner and behind the apartment building located at 1113 Troupe Street, where Henry then sold him the cocaine. The agent who remained in the vehicle likewise testified that he saw the other agent and Henry walk to the rear of the apartment building. The video and audio recordings admitted into evidence, moreover, reflect that only a brief period of time elapsed between the time when the agent driver exited and returned to the vehicle, indicating that he remained close to the apartment building to consummate the transaction. Additionally, the security officer with the Bainbridge Housing Authority, who had been employed there for seven years and who was personally familiar with the multiple apartment buildings located on Troupe Street, testified that 1113 Troupe Street is an apartment building owned by the public housing authority that is used for the purpose of providing dwelling units for low to moderate-income families. The security officer further testified that based on his knowledge of the area, anyone standing behind 1113 Troupe Street would be within 1,000 feet of a public housing project. Construed in the light most favorable to the jury verdict, this combined testimony authorized a rational trier of fact to find Henry guilty beyond a reasonable doubt of selling cocaine within 1,000 feet of a public housing project under OCGA § 16-13-32.5 (b). See *Hamilton v. State*, 293 Ga. App. 297, 299-300 (1) (b) (666 SE2d 630) (2008); *Menefee v. State*, 226 Ga. App. 725, 726-728 (2) (487 SE2d 489) (1997).

Henry relies upon *Johnson v. State*, 214 Ga. App. 77, 79-81 (2) (447 SE2d 74) (1994), in support of his challenge to the sufficiency of the evidence. In *Johnson*, we held that there was insufficient evidence that the drug sale occurred within 1,000 feet of a public housing project, where there was only vague and inexact testimony

from an undercover agent whose knowledge that the buildings near the sale were part of such a project was based on hearsay. Id. at 80-81 (2). Here, however, the state did not rely upon vague testimony and hearsay to prove the public housing project element of the offense, but rather upon the specific testimony of a security officer with the municipal housing authority who had personal knowledge from years of on-site experience. See, e.g., *Menefee*, 226 Ga. App. at 726-728 (2) (fact that defendant possessed drugs in an area within 1,000 feet of a public housing project established by testimony of police officer who was assigned to patrol public housing projects and patrolled the area at issue on a daily basis). Henry's reliance upon *Johnson*, therefore, is misplaced.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 16, 2009.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.