# Court of Appeals
# of the State of Georgia

ATLANTA,    August 22, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2089.  TROY LEE CARTER v. THE STATE.**

In 1997, Troy Carter was convicted of rape and sentenced to 20 years to serve in confinement. We affirmed his conviction in *Carter v. State*, 235 Ga. App. 260 (510 SE2d 539) (1998). In 2012, Carter filed a "motion to vacate a void sentence." Citing OCGA § 17-10-6.1 (b), Carter argued that he was sentenced to 20 years without parole, but that such sentence was void because the mandatory minimum was 10 years and he was not permitted to seek first offender treatment. The trial court denied Carter's motion, and he appeals. We lack jurisdiction.

A direct appeal lies from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But a sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). A 20-year prison sentence for rape is a punishment the law allows. See OCGA § 16-6-1 (b). Further, rape is one of the serious violent felonies, OCGA § 17-10-6.1 (a) (4), and subsection (c) (4) of that statute mandates that the full sentence imposed for a first conviction of rape be served without reduction by parole or any other sentence-reducing measures. Moreover, OCGA § 17-10-6.1 (b) (3) expressly provides that no person convicted of a serious violent felony shall be sentenced as a first offender.

Under these circumstances, Carter has not raised a colorable claim that his sentence is void, and this appeal is hereby DISMISSED. See *Mosley v. State*, 301 Ga. App. 47, 49 (686 SE2d 833) (2009).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 08/22/2013

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*