## 59336. CLARK et al. v. THE STATE.

BIRDSONG, Judge.

Charles Lynn Clark, Michael Wayne Clark, and Frankie Glenn Gorday were tried and convicted of armed robbery and aggravated assault. After trial and sentence, a juror (the foreman of the jury) related to the defense counsel that on the second day of trial early in the morning just before the jury reported to the box to recommence the trial, the victim, by a chance encounter, saw the foreman in the assembly room. No other persons were present. The victim and the juror were friends of about thirty years duration. The victim apparently said words to the effect that he (the victim) while on the stand on the first day had really been "twisted around" by the defense counsel. When the juror reminded the victim that no conversation should be held between the juror and a witness while the case was in progress, the victim said something to the effect that he should have used a gun and there would have been no need for a jury. That terminated the conversation. The juror testified at a hearing on a motion for new trial and averred that the conversation had absolutely no impact on him and he did not mention it to anyone else until he had disclosed it to the defense after the jury had been dismissed. The juror in effect testified that he did not believe he had violated his oath to disclose to the court a contact by the witness as an attempt to discuss the case with him or to influence his decision because he did not consider the off-hand comment to be a "discussion" of the case but a casual greeting between old friends.

Prior to the jury's verdict, the trial court included in its charge, immediately after the charge on alibi, the following: "Now, I charge you, Ladies and Gentlemen of the Jury, that identification by a witness of a person or thing is necessarily a matter of opinion and when accompanied with the facts to which it was founded, it is always admissible."

Each of the appellants enumerate as error the improper contact between the juror and the victim and the above-stated portion of the charge of the court. *Held:*

1. It is axiomatic that a defendant is entitled to a

trial by a jury untainted by improper influences. It is also incontestable that during the pendency of a trial, communication between a juror and a witness is error. However, we do not conclude that every improper communication is prejudicial per se. In this case there is no indication that the victim was attempting to convince the juror that any attempted impeachment was improper or not true. In fact, there seemed to be an admission that such had occurred. There is not a scintilla of evidence that the victim was attempting to discuss the merits of the case or to wield any influence over the decision of the juror. The facts presented by the appellants on the motion for new trial convincingly established that the erroneous contact reasonably would have had no impact upon any juror. The conversation was not relayed to any other juror. Under these circumstances, we conclude that the juror was not influenced either for or against the defendants or the state. The voir dire conducted by the defense and the trial court at the hearing for new trial established that nothing prejudicial was said. Such testimonial evidence on voir dire is an acceptable means of proof to meet the burden cast upon the state, in such circumstances, to rebut by proof a presumption of harm. *Hardy v. State,* 242 Ga. 702, 704 (251 SE2d 289); *Battle v. State,* 234 Ga. 637, 639 (217 SE2d 255). Appellants show no injury requiring a new trial, and we conclude that the trial court was correct in finding that the state met its burden of proof that no prejudice to the appellants was shown by the juror's misconduct. There is general accord among the courts that an unauthorized contact or communication between a witness in a criminal trial and a juror does not vitiate an otherwise valid conviction unless the defendant was actually prejudiced. *Martin v. State,* 242 Ga. 699, 701 (251 SE2d 240). The trial court did not err in denying a new trial on this ground.

2. Appellants argue in the enumeration of error dealing with the charge of the court that the effect of that portion of the charge stated above amounted to an abandonment by the trial court of its responsibility to pass upon the admissibility of the identification testimony and allowed the jury to make the determination. They also argue that the charge may have

related to several contested items of evidence. We do not agree. The charge in plain terms states a correct observation of a legal principle. Identification testimony is indeed admissible when relevant and supported by facts. Furthermore, considering the position in which the questioned charge is found in the general charge of the court, a reasonable jury could only have concluded that the charge pertained to the identity of the perpetrators and dealt properly with the issue of alibi.

It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). While the specific portion of the charge of which complaint is made, when torn asunder and considered as a disjointed fragment, may be objectionable, when put together and considered as a whole, the charge is perfectly sound. *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512); *Merritt v. State,* supra. We find no harmful error in the charge. This enumeration is without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED MARCH 11, 1980.

*Stephen L. Ivie, Cheryle T. Bryan,* for appellants.
*Thomas H. Pittman, District Attorney,* for appellee.