## A90A0138. KENNY v. THE STATE.
(392 SE2d 344)

SOGNIER, Judge.

Johnny Kenny was convicted of simple battery and he appeals.

Appellant contends in his sole enumeration of error that the trial court erred by charging the jury that "the defendant's flight from the scene of the offense is circumstantial evidence of his guilt and of his knowledge of his guilt, and you may but are not required to make an inference from flight, if flight be proven to you. It is a settled rule of evidence in this State that evidence of flight may be submitted to the jury and that they may infer guilt therefrom." Pretermitting the issue whether statements by appellant's counsel during the charge conference constituted an endorsement of the exact language charged by the trial court, see *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975), we do not agree with appellant that the syntax used in the charge resulted in an unauthorized comment on the evidence by the

trial court. Specifically, appellant argues that the failure to charge the second sentence first and to place the "if flight be proven to you" clause at the beginning of its sentence resulted in a charge which improperly instructed the jury that appellant did flee from the scene of the offense and was evidence of his guilt.

The jury was thoroughly charged on circumstantial evidence and was instructed that no comment made by the trial court was "intended to express any opinion about the facts of this case, . . . upon the evidence or upon the guilt or innocence of the defendant." "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.]" *Clark v. State*, 153 Ga. App. 829, 831 (2) (266 SE2d 577) (1980). While we do not endorse the unnecessarily convoluted language employed in the charge of which complaint is made, when put together and considered in context with the charge as a whole, we find no harmful error in the charge. Id.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1990.

*John D. McCord III*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Richard Read, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.