A91A0041. FRENCH v. THE STATE.
(406 SE2d 526)

McMURRAY, Presiding Judge.

Defendant was charged in a multi-count indictment with aggravated assault and simple battery. The evidence adduced at a jury trial showed that defendant entered the victim's home, placed the barrel of a .38 caliber pistol in the victim's mouth and threatened to kill her. Defendant also pinned the victim to the floor and choked her. The jury found defendant guilty of aggravated assault and simple battery.

This appeal followed. *Held*:

1. Defendant contends "[t]he trial court erred in failing to charge the jury on OCGA § 16-11-102, being 'pointing or aiming a gun or pistol at another,' being a misdemeanor and included in the greater crime of Aggravated Assault. . . ."

" 'A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge.' *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653)." *Robinson v. State*, 194 Ga. App. 432, 433 (3) (390 SE2d 652). The record in the case sub judice does not contain a written request to charge on the offense of "pointing or aiming a gun or pistol at another person." Consequently, the trial court did not err in failing to give such a charge.

2. Defendant challenges the trial court's preliminary jury instructions that "[i]t is your responsibility to determine the truth of the case from a factual standpoint and from all of the evidence presented during trial[; that verdict] means truth of the case[; that] the ultimate goal in all criminal investigations [is] the discovery of the truth [and that by] applying the law as given you by the Court to the facts as you find them to be then you make your judgment as a jury as to the truth of this case." Defendant contends these instructions diminished the jury's ability to understand the State's burden of proving guilt beyond a reasonable doubt, arguing that "[t]he focus of the Court's charge should have been on the State's burden, rather than upon the creation of a romantic notion of a jury's ability to find the truth, from inarticulable factors."

The charge to the jury is to be taken as a whole and not out of context. *Sharp v. State*, 192 Ga. App. 353, 354 (2a) (385 SE2d 23). Further, " '[i]t is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. (Cit.)' *Clark v. State*, 153 Ga. App. 829, 831 (2) (266 SE2d 577) (1980)." *Kenny v State*, 195 Ga. App. 22, 23 (392 SE2d 344).

An examination of the record in the case sub judice reveals that defendant's complaints are based on excerpts taken out of context from the trial court's preliminary charge. The pertinent portion of the trial court's preliminary charge includes clear and unambiguous instructions on the presumptions of innocence, the burdens of proof and reasonable doubt. We find nothing which could possibly lead reasonable jurors to believe that the State's burden of proving defendant's guilt beyond a reasonable doubt was diminished by the trial court's comments on "truth." This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1991.

*Watson & Watson, Herman A. Watson III*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.