## A03A0936. VANWINKLE v. THE STATE.
### (587 SE2d 142)

PHIPPS, Judge.

A jury found Thomas Otto Vanwinkle guilty of aggravated sexual battery and aggravated battery. He appeals only his conviction for aggravated sexual battery, contesting the sufficiency of the evidence and a jury charge. We affirm.

1. The indictment alleged that Vanwinkle committed aggravated sexual battery by "put[ting] his hand into the vagina of [the victim] and pull[ing] on the inside of her vagina, causing injury, without the consent of said victim." Vanwinkle contends that the evidence was insufficient to support a conviction, arguing that the State failed to prove that he pulled on the victim's vagina and caused her injury.

A person commits aggravated sexual battery "when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."[1] The term "foreign object" means any article other than the sexual organ of a person,[2] and the term includes "a person's body parts, such as . . . finger[s]."[3]

On appeal, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact

---

[1] OCGA § 16-6-22.2 (b).

[2] OCGA § 16-6-22.2 (a).

[3] (Footnote omitted.) *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001); see *Burke v. State*, 208 Ga. App. 446-447 (1) (430 SE2d 816) (1993).

could have found the essential elements of the crime beyond a reasonable doubt.[4] The state presented the testimony of the victim, who had lived with Vanwinkle for over six years. She testified that on September 26, 1998, Vanwinkle accused her of having affairs with other men, pinned her down, and then "took his . . . hand and rammed it up inside" her vagina. She described, "it felt like he was pulling my insides out." The victim recalled bleeding afterward from her vaginal area.

Contrary to Vanwinkle's contention, the evidence was sufficient to support a conviction for aggravated sexual battery.[5] And while there was evidence that Vanwinkle did "pull" on the victim's vagina and cause her injury, those actions were not material to the crime. The state is not required to prove an unnecessary fact alleged in an indictment.[6]

2. Vanwinkle points out that aggravated sexual battery requires the use of a "foreign object" and that the court instructed the jury that "a human finger is a foreign object," but gave no instruction specific to a hand. He contends that the court's charge was so inadequately tailored to the indictment and evidence that it authorized the jury to find him guilty "on less than what the indictment and evidence mandated."

The trial court has the duty to deliver charges tailored to the indictment and adjusted to the evidence.[7] What is required is that the charge is sufficiently clear as to be understood by jurors of ordinary understanding.[8] In reviewing a charge, the whole charge to the jury is to be considered.[9]

In this case, the court instructed the jury that the state had the burden of proving "every material allegation as set out in the . . . indictment." It defined aggravated sexual battery as "intentionally penetrat[ing] with a foreign object the sexual organ or the anus of another person without the consent of that person." It then explained that "foreign object means any article or instrument other than the sexual organ of a person" and that a human finger constitutes such a foreign object. If a finger constitutes a foreign object, it necessarily follows that a hand (of which a finger is a part) also constitutes a foreign object. While the court did not specify that a hand constitutes a foreign object, we find that the charge as a whole and as adjusted to

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Deal v. State*, 241 Ga. App. 879-880 (1) (528 SE2d 289) (2000).

[5] *Jackson*, supra.

[6] *Bell v. State*, 227 Ga. 800, 802 (1) (183 SE2d 357) (1971).

[7] *State v. Braddy*, 254 Ga. 366, 368 (330 SE2d 338) (1985); *Davis v. State*, 181 Ga. App. 28, 29 (2) (351 SE2d 458) (1986).

[8] *French v. State*, 199 Ga. App. 873, 874 (2) (406 SE2d 526) (1991).

[9] Id.

the evidence would not have misled a jury of ordinary understanding and thus could not have caused Vanwinkle to be convicted of aggravated sexual battery in a manner not alleged by the indictment.[10]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 21, 2003 —
RECONSIDERATION DENIED SEPTEMBER 2, 2003.

*William A. Adams, Jr.*, for appellant.
*William T. McBroom III, District Attorney, Joyce A. Bussey, Assistant District Attorney*, for appellee.

