### A03A1748. COOPER v. THE STATE.
(592 SE2d 908)

ADAMS, Judge.

Bobby Cooper appeals from his conviction and sentence on two counts of selling cocaine. He contends the evidence was insufficient to support the verdict and that the trial court erred by admitting videotape of the two transactions.

1. Construed in favor of the verdict, the evidence shows that a confidential informant (CI) for narcotics agents in Effingham County purchased cocaine from Cooper on two occasions in Glynn County on October 26, 2000. The CI was working with Irvin Ray, an officer with the Effingham County Sheriff's Department who was assigned to the Federal Drug Enforcement Administration in Savannah. On each occasion, Ray searched the vehicle being used by the CI, searched the CI for drugs and money, gave the CI money for the purchase, provided videotaping equipment for the vehicle, and monitored her by radio. On the first occasion, the CI spoke with Cooper who indicated that he did not have any drugs, but he called to Antonio Brantley to bring drugs to sell to the CI. The CI exchanged money with Brantley in Cooper's presence for cocaine. On the second occasion, Cooper approached the CI and eventually exchanged a cup containing a piece of crack cocaine for $20.

After the transactions, Ray and his partner met the CI at a pre-arranged location and retrieved the purchased substance from her. The defense stipulated that the evidence technician received the cocaine from Ray's partner who had received it from the CI on October 26, 2000. The defense also stipulated that the substances

obtained were cocaine, and the cocaine was admitted without objection.

Cooper first argues that the CI could not be trusted because of her past history of criminal conduct and past and subsequent history of drug use. But questions of credibility are for the jury to resolve. *Jackson v. State*, 236 Ga. App. 260, 261 (511 SE2d 615) (1999).

Cooper also argues that Brantley, who pleaded guilty to selling cocaine in connection with the first transaction, testified that Cooper was not involved in the first sale and did not share in the proceeds. But Cooper helped arrange the sale. "Under OCGA § 16-2-21, one who intentionally aids and abets in the commission of a crime is a party to the crime and may be convicted of the commission of the crime. [Cits.]" *Eason v. State*, 234 Ga. App. 595, 596 (1) (507 SE2d 175) (1998). See also *Sutton v. State*, 245 Ga. App. 881, 882 (1) (539 SE2d 227) (2000).

Finally, Cooper contends that the State's case is flawed because Ray failed to search the CI's ears, vagina, and navel prior to the transactions.

> In view of the minute quantity of cocaine involved it cannot be reasonably asserted that the evidence of the search of the informant could be relied upon to exclude any possibility of a deception by her. Nonetheless, reasonable doubt requires more than a bare possibility of innocence. Reasonable inference refers to those inferences as are ordinarily drawn by ordinary persons in the light of their experiences in everyday life.

*Hammond v. State*, 212 Ga. App. 145, 146 (1) (441 SE2d 675) (1994). In this case, the State presented the direct evidence of the CI's testimony as well as a videotape of the transaction and the officers' testimony about the monitored conversations. A rational trier of fact was authorized upon consideration of this evidence to find Cooper guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration, Cooper contends that the trial court erred by admitting the videotape of the two transactions because there was testimony that the recording device was not functioning properly. "[A] videotape is admissible where the operator of the machine which produced it[ ] or one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred." *Phagan v. State*, 268 Ga. 272, 281 (5) (486 SE2d 876) (1997). See also OCGA § 24-4-48 (c). In this case, the CI testified that the video accurately depicted the two transactions and that nothing had been

added to or removed from the video since the time of the transactions. Although there was evidence to show that the recorder was not working perfectly, which caused some poor picture quality and occasional blackouts, the flaws in the tape were explained to the jury and the court. We find no abuse of discretion by the trial court in admitting the tape. See *Ross v. State*, 262 Ga. App. 323, 328 (4) (585 SE2d 666) (2003).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 12, 2004.

*Patrick C. Kaufman,* for appellant.
*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney,* for appellee.