## A04A0722. RIDDLE v. THE STATE.
### (600 SE2d 709)

BLACKBURN, Presiding Judge.

Following a jury trial, Jamie Edward Riddle was convicted for four counts of possession of controlled substances[1] and four counts of possession of controlled substances with intent to distribute.[2] For sentencing purposes, the trial court merged each count of possession with its corresponding count of possession with intent to distribute. Riddle now appeals these convictions, contending that: (1) the evidence was insufficient to support the verdict and (2) the trial court erred by denying his motion for directed verdict regarding Counts 1 and 5 of the indictment which accused Riddle of possessing "crack" and possessing "crack" with an intent to distribute. For the reasons set forth below, we affirm.

1. Riddle contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[3] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

---

[1] OCGA § 16-13-30 (a). The four controlled substances were cocaine, crack cocaine, marijuana, and Ecstasy.

[2] OCGA § 16-13-30 (b). The four controlled substances were, again, cocaine, crack cocaine, marijuana, and Ecstasy.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Arnold v. State.*[4]

Viewed in this light, the record shows that, after receiving information from an informant, police began surveillance of a motel located in Camden County and noted an unusual number of people, including Riddle, coming and going from room 117. The police obtained a search warrant and subsequently discovered that, although the room was rented, no one was present at that time.

While the police were executing the warrant, Riddle approached the motel room on a bicycle. When he reached the door, Riddle, who was carrying a blue plastic bag, noticed that it had been damaged by the prior forced entry of the police. Riddle immediately retreated, and the police ordered him to stop. At that point, Riddle discarded the blue plastic bag he had been carrying, which the police quickly recovered.

The bag contained both marijuana and crack cocaine, and an ensuing search of Riddle revealed a key to room 117 and a purple velvet bag which contained a large ball of cocaine along with individual plastic bags containing marijuana, cocaine, and Ecstasy. The police also found razor blades and empty plastic baggies on Riddle and in room 117.

This evidence was more than sufficient to support the verdict. *Jackson*, supra. And, although Riddle now argues that certain witnesses who testified against him were not credible, credibility must be determined by the trier of fact, not this Court. *Arnold*, supra.

2. Riddle contends that the trial court erred by denying his motion for a directed verdict regarding Counts 1 and 5 of the indictment[5] which charged him with possession of "crack" and possession of "crack" with intent to distribute. Riddle argues that: (a) the State

---

[4] *Arnold v. State*, 260 Ga. App. 287 (581 SE2d 601) (2003).
[5] Count 1 states:
In the name and behalf of the citizens of Georgia, charge and accuse **JAMIE EDWARD RIDDLE** with the offense of **VIOLATION OF GEORGIA CONTROLLED SUBSTANCES ACT, (OCGA § 16-13-30)**, for that said accused in the County of Camden, State of Georgia, on or about the **31ST DAY OF JANUARY, 2003**, did **UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE, TO WIT: CRACK, IN VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT**, all of said act being contrary to the laws of said State, the good order, peace and dignity thereof.
Count 5 states:
In the name and behalf of the citizens of Georgia, charge and accuse **JAMIE EDWARD RIDDLE** with the offense of **VIOLATION OF GEORGIA CONTROLLED SUBSTANCES ACT, (OCGA § 16-13-30)**, for that said accused in the County of Camden, State of Georgia, on or about the **31ST DAY OF JANUARY, 2003**, did **UNLAWFULLY POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE, TO WIT: CRACK, IN VIOLATION OF THE**

failed to prove that the substance identified as "crack" actually contained cocaine and (b) possession of "crack" as opposed to "crack cocaine" is not a violation of Georgia law.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as for reviewing the sufficiency of the evidence to support a conviction. Under that standard, we view the evidence in a light most favorable to the jury's verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Mann v. State*.[6] Under this standard, both of Riddle's arguments fail.

(a) Riddle contends that his motion for directed verdict should have been granted because the State failed to prove at trial that the substance identified as "crack" in the indictment contained cocaine. The record, however, does not support Riddle's contention.

As an initial matter, we must point out that Riddle has failed to provide a single citation of authority in support of his argument in contravention of Court of Appeals Rule 27 (c). Nonetheless, we invoke our discretion to consider Riddle's argument.

At trial, Ross Butler, a forensic drug chemist, testified that although the rock-like substance had the physical appearance of crack cocaine, he could not say with any certainty that it was crack cocaine. In addition, Paul Preston, an inspector with the Kingsland Police Department, testified that he had extensive training and experience in drug interdiction and that he had actually made crack cocaine in a controlled environment. Preston stated that he was present when Riddle was apprehended and that he recognized the rock-like substance in the blue plastic bag as crack cocaine. Preston further testified that he had performed a field test on the rock-like substance and that the testing swab had turned blue which indicated that the substance was cocaine.

With the introduction of this testimony, especially the results of the field test for cocaine, the issue was properly presented to the jury for a determination of whether the substance carried by Riddle was crack cocaine. *Lewis v. State*[7] (results of field test created a jury issue as to whether substance was cocaine). Accordingly, the trial court did

---

GEORGIA CONTROLLED SUBSTANCES ACT, all of said act being contrary to the laws of said State, the good order, peace and dignity thereof.

[6] *Mann v. State*, 264 Ga. App. 631, 632 (2) (591 SE2d 495) (2003).

[7] *Lewis v. State*, 233 Ga. App. 560, 562-563 (3) (504 SE2d 732) (1998).

not err in denying Riddle's motion for directed verdict on this basis.

(b) Riddle also contends that the trial court erred in denying his motion for a directed verdict as to Counts 1 and 5 of the indictment because such counts accused him of possessing "crack," not crack *cocaine*, and possession of "crack" is not made illegal by any Georgia statute. Again, this argument fails.

First, Riddle has cited no supporting authority for his argument, thereby violating Rule 27 (c) of this Court. However, we once again exercise our discretion to consider his argument on this matter.

The record shows that, after Riddle's motion for a directed verdict because possession of "crack" was not a crime, the trial court stated: "[C]ertainly I will take this into consideration in imposing sentence. If it's not a violation of the law to possess crack, well, then, I would take that — if he's found guilty, I'll take that into consideration and I'll look at it." Riddle did not object to the trial court's decision, and, as a result, we must assume that he acquiesced in it. See *White v. State*[8] (" '[n]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further.' ").

Moreover, the record shows that, after the jury issued its verdict of guilty on all counts of the indictment, Riddle stated on the record that he had no objections to the form of the verdict. In addition, Riddle made no objection when the trial court imposed sentence on him for Counts 1 and 5 of the indictment. For all of these reasons, Riddle has not preserved his right to raise this issue on appeal.

Furthermore, even if Riddle had preserved his argument, it would fail under the facts of this case.

> The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Punctuation omitted.) *Bostic v. State*.[9]

---

[8] *White v. State*, 255 Ga. App. 228, 229 (1) (564 SE2d 826) (2002).

[9] *Bostic v. State*, 173 Ga. App. 494, 495 (1) (326 SE2d 849) (1985).

Here, "there is no reasonable probability that [Riddle] misunderstood the charges against him, was surprised or harmed by the wording of the indictment, or is not protected against a later prosecution for the same offense." *Wright v. State.*[10] Indeed, Riddle has made no argument whatsoever that he was surprised about the nature of the actual charges brought against him.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 28, 2004.

*Clyde M. Urquhart*, for appellant.

*Stephen D. Kelley, District Attorney, Diane L. Dodd, Assistant District Attorney*, for appellee.

---

[10] *Wright v. State*, 232 Ga. App. 104, 106 (2) (501 SE2d 543) (1998).