A04A0850. WEST v. THE STATE.
(606 SE2d 100)

MIKELL, Judge.

After a jury trial, Tracy Lamar West was convicted of sale of cocaine and possession of cocaine. On appeal, West challenges several of the trial court's instructions to the jury and argues that the trial

judge made several impermissible comments. West also contends that the evidence was insufficient to support his convictions. We affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant[ ] no longer enjoy[s] a presumption of innocence. Further, we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

So viewed, the evidence shows that at approximately 10:22 p.m. on January 3, 2003, Sergeant Rob Picciotti of the narcotics division of the Lowndes County Sheriff's Office approached West, who was riding a bicycle, and asked him if he knew where to buy some drugs. West asked Picciotti if he were a police officer. Picciotti replied that he was not and told West that he was looking for $20 worth of cocaine. West told Picciotti to drive around the block and to come back and pick him up. Picciotti complied, and West told him where to go. West exited the car and returned with another man, Johnny Brandon, Jr., who sat in the back seat behind Picciotti.

Picciotti stopped the car under a street light, and Brandon held out a large amount of crack cocaine and asked Picciotti how much he wanted to purchase. Brandon gave Picciotti what appeared to be a piece of crack cocaine worth $20 and gave another piece to West. Brandon then exited the vehicle, and Picciotti and West drove away. West told Picciotti he wanted to exit the car. As West stepped out, Picciotti placed him under arrest. Picciotti conducted a field test on the drugs and both pieces tested positive for cocaine. The entire transaction was recorded and videotaped.

In seven of West's enumerations of error, which are discussed fully below, West argues that the trial court gave erroneous instructions to the jury and made improper comments. The facts pertinent to these enumerations follow.

During its deliberations, the jury sent two notes to the trial court. One indicated that the jury was split. The second note stated that "one juror has a problem with a police officer lying while on duty. The juror thinks that is entrapment." After speaking with counsel, the

---

[1] (Punctuation and footnotes omitted.) *Christopher v. State*, 262 Ga. App. 257 (585 SE2d 107) (2003).

court instructed the jury to continue its deliberations. Defense counsel did not object. Moments later, the jury sent out another note asking for an explanation of entrapment. The court conferred with counsel again. Defense counsel indicated that it did not want the court to charge the jury on entrapment but to instruct the jury to continue its deliberations. The court then charged the jury as follows: "Ladies and gentlemen, the Court has already instructed you on the law that is applicable to this case and you are bound by that law. Now, you decide what the true facts are in the case. Once you have decided those facts, then you apply the law that I have given you to those facts and make your decision in this case." The defense objected to this additional charge. After the charge, the foreperson volunteered that some members of the jury had a problem with Picciotti lying while on duty and his general credibility. Without responding to the concern, the trial court dismissed the jury for that day.

On the next day, the jury asked to see the videotape again and requested a recharge on considering all the evidence. In response thereto, the trial court replayed the tape, then essentially restated the additional charge given the previous day. The foreman then asked the judge to clarify the duties of an undercover officer, and the judge answered that he could not do so. After further deliberation, the jury returned to the courtroom, and the foreman informed the court that only 11 of the 12 jurors were in agreement. The foreman explained that the holdout juror refused to listen to the evidence and acknowledge the facts displayed on the videotape because he was bothered by Picciotti's denial that he was a police officer and believed that all cops were liars. The trial judge inquired into the identity of the holdout juror and asked the juror questions to determine whether he was abiding by his oath as a juror. The juror replied that he simply did not think that the state had proven its case. Other jurors then commented on the holdout juror and the duties of an undercover officer, with the foreman stating that if the case involved entrapment, there would not have been a trial. The trial judge than recharged the applicable law and included an additional charge that "the defense of entrapment is not applicable to this case." The jury deliberated for another 15 minutes and then returned a guilty verdict.

1. In his first and third enumerations of error, West argues that "[t]he court erred in giving an improper charge on entrapment because the charge directed the jury on what it must find" and that the trial court's statement that entrapment was not applicable constituted substantial error. We address these errors simultaneously. West maintains that the trial court should have given the complete charge on entrapment because even though he did not request the charge, he laid the foundation for it through his cross-examination of Picciotti. We disagree.

West's argument on appeal ignores the fact that defense counsel specifically requested that the trial court not give a charge on entrapment. "A party cannot complain of error that his own conduct aided in causing."[2] Nonetheless, such a charge would not have been appropriate here. "The trial court has the duty to deliver charges tailored to the indictment and adjusted to the evidence."[3] In order for the entrapment defense to apply, "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime."[4] There was no evidence in this case that West was not predisposed to commit the crime. "Ready commission of a criminal act . . . show[s] the element of predisposition."[5] Since "[s]upplemental instructions to the jury are generally within the discretion of the trial court,"[6] and a charge on the elements of entrapment was not adjusted to the evidence here, we find no abuse of discretion in the trial court's decision not to charge the jury on entrapment. A fortiori, the trial judge's comment that entrapment was not applicable to this case was not improper.

2. In his second and fourth enumerated errors, West contends that the trial court erred by improperly charging the jury on the issue of credibility and that it intimated that the police officer's credibility was not an issue when it stated that he was allowed to lie. Again, we disagree.

In its recharge to the jury, the trial court gave the general charge on the credibility of witnesses. It also stated that "our law does not prohibit law enforcement officers in trying to uphold the laws of this state. It does not prohibit them from sometimes acting in an [sic] clandestine manner and sometimes not being completely truthful with persons who they, they feel may be delving into the criminal element." We find that the trial court did not abuse its discretion by giving this supplemental charge nor did it imply that the jury was required to believe the officer's testimony. Accordingly, these errors, too, must fail.

3. West argues in his fifth and seventh enumerated errors that the trial court violated OCGA § 17-8-57 by intimating its opinion to the jury. This argument lacks merit.

---

[2] (Punctuation and footnote omitted.) *McConnell v. State*, 263 Ga. App. 686, 687 (2) (589 SE2d 271) (2003).

[3] (Footnote omitted.) *Vanwinkle v. State*, 263 Ga. App. 19, 20 (2) (587 SE2d 142) (2003).

[4] (Punctuation and footnote omitted.) *Urapo-Sanchez v. State*, 267 Ga. App. 113, 115 (1) (598 SE2d 850) (2004).

[5] (Punctuation and footnote omitted.) Id. at 116 (1).

[6] (Footnote omitted.) *Lovelace v. State*, 262 Ga. App. 690, 694 (5) (586 SE2d 386) (2003).

In his fifth enumerated error, West contends that the trial court intimated that the jury must find West guilty when it "targeted the holdout juror for public attack as to his opinion." In support of this contention, West incorporates the arguments from his first four enumerated errors and also argues that the following charge was erroneous: "you have been discussing and deliberating on this case for a period of time now. And I think it's desirable for you to reach an agreement if possible. Now, the case has been exhaustively and carefully tried by both sides and has been submitted to you for a decision and verdict, if possible, and not for disagreement." West contends that the entire exchange conveyed to each member of the jury the trial court's opinion that West was guilty. In his seventh enumeration of error, West claims that the trial court's failure to address comments by members of the jury such as "we're not here to try the police officer, we're here to listen to factual evidence" and "if we were involved in entrapment or the police had done something unjust to someone, that we wouldn't be sitting here today" was tantamount to commenting on the evidence.

"OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be."[7] After reviewing the portions of the transcript wherein the conversations at issue occurred, we find that the trial court committed no error as it did not intimate an opinion as to West's guilt or innocence or improperly comment on the evidence. Additionally, the charge about which West complains is a modified *Allen* charge. "It is within the trial court's discretion whether to give an *Allen* charge to a jury in disagreement."[8] We find no abuse of that discretion here.

4. West next argues that the trial court improperly discounted the theory of jury nullification when it stated that if a juror had the opinion that "I don't agree with that law so I'm not going to vote to convict just because of that disagreement with that law, then in that event the juror is, is not following their oath." West argues that this instruction was tantamount to instructing the jury that it must convict regardless of its opinion of the law, and, therefore, to entering a directed verdict of guilty. We disagree with West's interpretation of the trial court's comment.

The concept of jury nullification is not applicable here. "While the jury does possess a de facto power of nullification, i.e., a power to

---

[7] (Citations omitted.) *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986). Accord *Turner v. State*, 259 Ga. 873 (2) (388 SE2d 857) (1990). Compare *Stephens v. State*, 245 Ga. App. 823, 826 (4) (538 SE2d 882) (2000) (conviction reversed where the defendant's testimony was his sole defense at trial, and the trial court's erroneous charge discredited his testimony).

[8] (Citation omitted.) *Stewart v. State*, 210 Ga. App. 474, 476 (5) (436 SE2d 679) (1993).

acquit the defendant regardless of the strength of the evidence against him, it nonetheless is true that if the evidence proves the defendant guilty beyond a reasonable doubt it is the jury's duty to convict."[9] As discussed below in Division 5, the evidence was sufficient to support West's convictions. Furthermore, we do not find that the comment complained of here has any bearing on the issue of jury nullification.

5. Lastly, West challenges the sufficiency of the evidence although he does not explain how the evidence was insufficient. The evidence shows that West helped to arrange the sale of cocaine to Sergeant Picciotti. "Under OCGA § 16-2-21, one who intentionally aids and abets in the commission of a crime is a party to the crime and may be convicted of the commission of the crime."[10] Regarding West's conviction for possession of cocaine, Picciotti testified that Brandon gave West a piece of crack cocaine and that he conducted a field test on that substance, which tested positive for cocaine. Accordingly, the evidence was sufficient to enable a rational trier of fact to find West guilty of both offenses.[11]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 14, 2004.

*Ronald L. Beckstrom*, for appellant.
*J. David Miller, District Attorney*, for appellee.

---

[9] (Citations, punctuation and footnotes omitted.) *Nel v. State*, 252 Ga. App. 761, 766 (7) (557 SE2d 44) (2001).

[10] (Citations and punctuation omitted.) *Cooper v. State*, 265 Ga. App. 137, 138 (1) (592 SE2d 908) (2004).

[11] See *Jackson v. Virginia*, supra.