A06A0815. COLLINS v. THE STATE.
(628 SE2d 148)

BLACKBURN, Presiding Judge.

Following a jury trial, Willie Elmer Collins appeals his convictions for selling cocaine and for selling cocaine within 1,000 feet of a public housing project. He challenges the sufficiency of the evidence and argues that the court erred in a supplementary jury instruction. We agree that insufficient evidence supported the conviction for selling cocaine within 1,000 feet of a public housing project, which conviction we reverse. We affirm the conviction for selling cocaine.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So construed, the evidence shows that caught on videotape, Collins sold purported cocaine to an undercover officer, who at trial positively identified him as the seller. The officer field-tested the

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

substance, which tested positive for cocaine. At trial, the officer identified a baggie containing a white substance (which was labeled as being obtained from suspect "Jim Metts") as that he had delivered to the State crime lab; the State crime lab technician then testified that this substance tested positive for cocaine. The State also presented the testimony of an officer who measured the distance from the situs of the drug transaction to the nearby "Housing Authority" and determined the distance was less than 1,000 feet. The jury found Collins guilty of selling cocaine[3] and of selling cocaine within 1,000 feet of a public housing project.[4]

(a) *Selling Cocaine.* Citing *Phillips v. Williams*[5] (State "must show that the cocaine tested at the crime lab . . . is the same as that seized from the accused"), Collins challenges the sufficiency of the evidence regarding any sale of cocaine, arguing that the officer who delivered the cocaine (Exhibit Four) to the crime lab never testified that this was the substance received from Collins. Collins contends that absent this connection between himself and the substance tested at the crime lab, no evidence shows that the substance he sold the officer was in fact cocaine.

Collins ignores, however, that the officer field-tested the substance (using a field test kit involving three vials) received from Collins, which showed the substance was indeed cocaine. In his appellate brief, Collins even concedes that the officer "testified that he bought two pieces of 'suspected crack cocaine' from appellant which field tested positive for cocaine." Positive field test results are alone sufficient to sustain a conviction for selling or possessing cocaine. *West v. State*;[6] *Riddle v. State*.[7] Positive test results from the State crime lab are not required. *Davis v. State*.[8] See *Lewis v. State*.[9]

Thus, regardless of whether the substance found in Exhibit Four and tested by the crime lab here was connected to Collins, sufficient evidence arising from the field test sustained a finding that the substance Collins sold the officer was cocaine. The substance tested by the crime lab may have been irrelevant to this trial, but since Collins announced below he had no objection thereto (nor has he on

---

[3] OCGA § 16-13-30 (b).

[4] OCGA § 16-13-32.5 (b).

[5] *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003).

[6] *West v. State*, 270 Ga. App. 71, 76 (5) (606 SE2d 100) (2004).

[7] *Riddle v. State*, 267 Ga. App. 630, 632-633 (2) (a) (600 SE2d 709) (2004).

[8] *Davis v. State*, 135 Ga. App. 203, 204-205 (1) (217 SE2d 343) (1975).

[9] *Lewis v. State*, 233 Ga. App. 560, 562-563 (3) (504 SE2d 732) (1998).

appeal challenged its admission by the court below), Collins has waived any complaint about its being admitted at trial. See *Reece v. State*.[10]

(b) *Selling Cocaine within 1,000 feet of a Public Housing Project.* Collins was also convicted of selling cocaine within 1,000 feet of a public housing project. OCGA § 16-13-32.5 (b) describes this crime as follows:

> It shall be unlawful for any person to . . . distribute . . . a controlled substance . . . in, on, or within 1,000 feet of any real property of any publicly owned or publicly operated housing project, unless the . . . distribution . . . is otherwise allowed by law. For the purposes of this Code section, the term "housing project" means any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 3 of Title 8.

Collins argues that no evidence showed that the sale took place near a "housing project" as defined in the statute ("single or multifamily dwelling units occupied by low and moderate-income families"). We agree.

The only evidence in this regard came from the chief of police of the local municipality, who testified that he measured "the distance from the Housing Authority property line" to the location of the cocaine sale and determined it was 928 feet. He reiterated that the sale was "within 1,000 feet of where this Housing Authority was." This evidence is wholly insufficient. Nowhere is there any testimony that the Housing Authority property consisted of dwelling units, let alone dwelling units occupied by low and moderate-income families. Therefore, under this evidence, the property could have been the administrative offices of the Housing Authority. Indeed, since Georgia's Housing Authorities Law authorizes housing authorities to demolish or clear buildings in slum areas on property it purchases, see OCGA §§ 8-3-3 (10); 8-3-30 (a), the property here could have been unoccupied altogether with no improvements thereon.

Thus, when we have sustained convictions under OCGA § 16-13-32.5 (b), the evidence has shown that the nearby property was not only under the jurisdiction of the local housing authority but that the property constituted dwelling units occupied by low and moderate-income families. See, e.g., *Barnett v. State*[11] (witness "testified that

---

[10] *Reece v. State*, 250 Ga. App. 1, 6 (3) (550 SE2d 414) (2001).

[11] *Barnett v. State*, 276 Ga. App. 238, 240 (1) (623 SE2d 136) (2005).

the Gainesville Housing Authority owned the Atlanta Street Apartments and that families of lower income lived there"); *Haywood v. State*[12] (witness "specifically testified that Walker Homes was a publicly operated low to moderate income housing project run by the Camilla Housing Authority"). At the very least, the opinions have summarized that a witness testified that the nearby property was a public "housing project." See *Banks v. State*[13] ("public housing project subsidized by the federal government and the Douglas County Housing Authority"); *Menefee v. State*[14] ("identified the housing project as a City of Marietta Housing Authority housing project"); *Washington v. State*[15] ("[t]here also is testimony in the record indicating that at the time of the transactions in question defendant was within 1,000 feet of a public housing project").

On the other hand, where the testimony is only that the sale took place near a "public housing authority" without any reference to dwellings thereon that are occupied by low and moderate-income families, we have reversed the conviction on the ground of insufficient evidence. *Johnson v. State*.[16] Accordingly, we reverse here for the same reason. This reverses only the conviction for selling cocaine within 1,000 feet of a public housing project and does not affect the conviction for selling cocaine.

2. In response to some jury questions about the evidence, the court gave the jury an illustration which emphasized the importance of focusing on key issues and not on irrelevant side matters. His objection thereto having been overruled, Collins complains on appeal that the court's instructions may have "misled the jury to believe that they could return a verdict of guilty even though they had a reasonable doubt as to whether the drugs introduced at trial actually came from appellant." However, as shown above in Division 1 (a), to the extent the court's analogy led the jury to this conclusion, the court's analogy was completely accurate. Cf. *Benton v. State*[17] (court may give jury illustration to clarify legal concept). The jury did not have to believe the drugs introduced at trial were those received from Collins; the jury was authorized to find him guilty based on the positive results of the officer's field tests, which, based on the jury's apparent confusion regarding the origin of the physical drugs introduced at trial, appears to be exactly what they did. Thus, we discern no harmful error.

---

[12] *Haywood v. State*, 248 Ga. App. 210, 212 (2) (546 SE2d 325) (2001).

[13] *Banks v. State*, 270 Ga. App. 221 (606 SE2d 34) (2004).

[14] *Menefee v. State*, 226 Ga. App. 725, 727 (2) (487 SE2d 489) (1997).

[15] *Washington v. State*, 216 Ga. App. 352, 353 (2) (454 SE2d 214) (1995).

[16] *Johnson v. State*, 214 Ga. App. 77, 80-81 (2) (447 SE2d 74) (1994).

[17] *Benton v. State*, 185 Ga. 254, 255 (1) (194 SE 166) (1937).

Accordingly, we affirm the conviction for selling cocaine and reverse the conviction for selling cocaine within 1,000 feet of a public housing project.

*Judgment affirmed in part and reversed in part. Mikell and Adams, JJ., concur.*

DECIDED MARCH 7, 2006.

*Mark B. Beberman*, for appellant.

*Steven Askew, District Attorney, Tony A. May, Assistant District Attorney*, for appellee.

