**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 20, 2012**

# In the Court of Appeals of Georgia

A12A0068. CANTRELL v. THE STATE.

BLACKWELL, Judge.

On November 11, 2009, Victor Cantrell sold cocaine to a confidential informant and an undercover police officer, and he did so within 1,000 feet of the Butler Street Apartments, a housing complex apparently operated by the Gainesville Housing Authority. Cantrell subsequently was tried by a Hall County jury and convicted of unlawful sale of a controlled substance, an act prohibited by OCGA § 16-13-30 (b), and unlawful distribution of a controlled substance within 1,000 feet of a "housing project," an act prohibited by OCGA § 16-13-32.5 (b). On appeal, no one disputes that the evidence adduced at trial is sufficient to sustain the former conviction, but Cantrell argues that the evidence is not sufficient to sustain the latter. The problem is, he says, that no evidence at trial shows that the Butler Street

Apartments were occupied by low or moderate-income families, which, according to our precedents, is necessary to prove that a housing complex is a "housing project," as that term is used in OCGA § 16-13-32.5 (b). We agree that the evidence is insufficient to sustain the conviction for unlawful distribution of a controlled substance within 1,000 feet of a housing project, and we are constrained to reverse that conviction.[1]

For the purposes of OCGA § 16-13-32.5 (b), "housing project" means "any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 3 of Title 8." OCGA § 16-13-32.5 (b). As we have explained before, when the State prosecutes someone under OCGA § 16-13-32.5 (b), it must prove that the housing complex at issue is, in fact, a "housing project," and that requires, among other things, proof that the complex consists of dwelling units occupied by low and moderate-income families. See, e.g., *Quarterman v. State*, 305 Ga. App. 686, 689-690 (1) (a) (700 SE2d 674) (2010) (reversing conviction under OCGA § 16-13-32.5 (b) where State failed to offer competent evidence that housing complex was "occupied by low and moderate-income families"); *Williams v. State*, 303 Ga. App. 222, 224 (1)

---

[1] Our decision does not disturb the conviction under OCGA § 16-13-30 (b).

(692 SE2d 820) (2010) (same); *Mahone v. State*, 296 Ga. App. 373, 376 (3) (674 SE2d 411) (2009) (same); *Collins v. State*, 278 Ga. App. 103, 106 (1) (b) (628 SE2d 148) (2006) (same); *Johnson v. State*, 214 Ga. App. 77, 81 (2) (447 SE2d 74) (1994) (same).

In this case, there was testimony at trial that the Butler Street Apartments are "government housing" and that a sign posted at the Butler Street Apartments reads "Gainesville Housing Authority." This testimony is sufficient to prove that the Butler Street Apartments are "under the jurisdiction of a housing authority" and consist of "dwelling units." It is not sufficient, however, to prove that the Butler Street Apartments are occupied by low and moderate-income families.[2] Cf. *Robinson v. State*, ___ Ga. App. ___ (1) (Case No. A11A2039, decided Mar. 2, 2012) (affirming conviction where evidence established that housing complex was "public assistance housing," not merely "public housing"). No other evidence appears in the record

---

[2] Some people might say that "government housing" necessarily refers to housing provided or subsidized by the government for persons of low or moderate income. But we held otherwise in *Mahone*, where we reversed a conviction under OCGA § 16-13-32.5 (b) notwithstanding evidence that the housing complex at issue was a "housing development . . . a government housing unit." 296 Ga. App. at 374, 376 (3). And in any event, we note that "government housing" might also refer to other kinds of housing provided by the government, including, for instance, housing for military personnel or students attending a public college or university.

concerning the nature of the Butler Street Apartments. For this reason, the evidence does not sustain the conviction under OCGA § 16-13-32.5 (b), and we must reverse that conviction.

*Judgment reversed. Mikell, P.J., and Miller, J., concur.*