**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**December 13, 2013**

# In the Court of Appeals of Georgia

A13A2456. WILSON v. THE STATE.

MILLER, Judge.

Following a jury trial, Narium Wilson was convicted of selling cocaine (OCGA § 16-13-30 (b) (2002)). Wilson appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction. For the reasons that follow, we affirm.

View in the light most favorable to conviction,[1] the evidence shows that in November 2002, the Glynn/Brunswick narcotics team was conducting a street level undercover operation in Glynn County. On the afternoon November 19, 2002, Wilson approached an undercover officer in Glynn County and asked if the officer had a spare cigarette. The officer said he did not have one, and told Wilson that he had $50

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

and was looking for some "hard, crack cocaine." Wilson got into the officer's vehicle, and they traveled to a nearby residence. Wilson entered the residence and returned with several pieces of suspected crack cocaine which he sold to the officer for $50. The sale was recorded on videotape by a camera hidden in the officer's vehicle, and a transcript of the videotape was included in the trial record and played for the jury.

After receiving the suspected cocaine, the officer drove to a predetermined location and gave the drugs to a member of the narcotics team, who marked the drugs and field tested them. The narcotics team member then placed the drugs in the evidence locker at the police department. The drugs field-tested positive for cocaine. Subsequent crime lab testing confirmed that the drugs were in fact cocaine.

Between the night of November 19 and the night of November 20, a Glynn County police captain and other officers made several trips though the area looking for Wilson and other individuals who matched the description of people the police had made buys from. Finally, while driving through the neighborhood shortly before midnight on November 20, the captain saw Wilson leave the house where the buy took place.

About a half block from the residence, the captain got out of his vehicle, identified himself as a Glynn County police officer and said he wanted to speak with

2

Wilson. Wilson voluntarily spoke with the officer for a few minutes. The captain asked for Wilson's driver's license, told Wilson that he was not the person the captain was looking for, and let Wilson go on his way. The officer did not arrest Wilson at that time because he did not want to jeopardize the ongoing undercover investigation, which involved other cases. Wilson was subsequently indicted and convicted of selling cocaine to the undercover officer.

Wilson contends that the evidence was insufficient evidence to support his conviction, because the state failed to present evidence as to what occurred before or after the videotaped drug transaction, or evidence of proper search procedures to ensure that the officer did not possess the drugs on his person or in his vehicle prior to the transaction. We do not agree.

It is unlawful for any person to sell cocaine or any derivative thereof. See OCGA §§ 16-13-30 (b) (2002), 16-13-26 (1) (D) (2002). The evidence as set forth above, including the undercover officer's testimony that Wilson sold him a substance that tested positive for cocaine, was sufficient for the jury to find beyond a reasonable doubt that Wilson sold cocaine to the undercover officer. See *Johnson v. State*, 289 Ga. App. 206, 208 (656 SE2d 861) (2008) (agent's testimony regarding drug sale transaction, combined with evidence of positive field and crime lab testing was

3

sufficient to authorize defendant's conviction for sale of cocaine); *Collins v. State*, 278 Ga. App. 103, 104 (1) (a) (628 SE2d 148) (2006) (positive field test results are alone sufficient to sustain conviction for selling cocaine).

Although Wilson argues that the State failed to eliminate the possibility that the undercover officer obtained the cocaine from someone other than Wilson, the officer's testimony alone was sufficient to establish that Wilson engaged in a hand-to-hand sale of suspected drugs, which later tested positive for cocaine. See *Samuels v. State*, 223 Ga. App. 275, 275-276 (1) (477 SE2d 414) (1996) (testimony of single witness is generally sufficient to establish a fact and lack of corroboration only goes to weight of evidence and witness's credibility which is solely in purview of jury). Nevertheless, the videotape and the testimony of the narcotics team member, who marked the drugs and field tested them, corroborated the undercover officer's testimony. Accordingly, we affirm Wilson's conviction.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*